United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANDRE WILLIAM FURTADO,

Petitioner,

v.

WARDEN, KERN VALLEY STATE PRISON,

Respondent.

Case No. 24-cv-02967-EKL

**ORDER DENYING PETITION, MOTIONS FOR APPOINTMENT OF COUNSEL, AND CERTIFICATE OF APPEALABILITY**

Re: ECF Nos. 1, 20, 21

Petitioner Andre William Furtado, a *pro se* state prisoner, filed a petition for writ of habeas corpus challenging the sufficiency of the evidence of his kidnapping conviction and alleging ineffective assistance of counsel. ECF No. 1 at 5. Respondent filed an answer.[1] ECF No. 9-1. Furtado filed a traverse. *See* ECF No. 13. For the reasons discussed below, the petition for writ of habeas corpus is DENIED.

I.    **LEGAL STANDARD**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), federal district courts may entertain a petition for writ of habeas corpus on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The petition may not be granted with respect to any claim that was adjudicated on the merits in state court unless the state court's adjudication of the claim: "(1) resulted in a decision that was contrary to, or involved

---

[1] During the pendency of this proceeding, Furtado was transferred to Kern Valley State Prison. *See* ECF No. 22. The Clerk is directed to substitute the Warden of Kern Valley State Prison as the Respondent in this matter. *See Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (explaining the proper respondent in 28 U.S.C. § 2254 habeas proceeding is the "state officer having custody" of the petitioner) (citation omitted).

an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id.* § 2254(d).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000) (discussing 28 U.S.C. § 2254(d)(1)). "Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.* at 413. A federal habeas court "should ask whether the state court's application of clearly established federal law was objectively unreasonable," *id.* at 409, and "may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly," *id.* at 411.

When there is no reasoned opinion from the highest state court to consider the petitioner's claims, the district court looks to the last reasoned opinion of the highest court to analyze whether the state judgment was erroneous under the standard of § 2254(d). *Ylst v. Nunnemaker*, 501 U.S. 797, 801-06 (1991). In this case, the California Court of Appeal is the highest court to issue a reasoned decision on Furtado's claims.

## II.   FACTUAL BACKGROUND

### A.   Underlying Convictions

Furtado was convicted of several crimes against victim T. Doe, including human trafficking (Cal. Pen. Code § 236.1(b)), kidnapping (Cal. Pen. Code § 207(a)), pimping of an adult (Cal. Pen. Code § 266h(a)), encouraging another to become a prostitute (Cal. Pen. Code § 266i(a)(2)), inflicting a corporal injury on a partner (Cal. Pen. Code § 273.5(a)), and failure to register as a sex offender with a felony conviction (Cal. Pen. Code § 290(b)). *People v. Furtado*, No. H048807, 2023 WL2446322, at *1 (Cal. Ct. App. Mar. 10, 2023).

Furtado was ordered to pay a $10,000 restitution fine; no hearing was requested as to Furtado's ability to pay the fine. *Id.* at *3. Furtado was sentenced to a term of 85 years to life, consecutive to a determinate term of 19 years and four months. *Id.* The California Court of Appeal affirmed the judgment and the California Supreme Court denied review. *Id*. at *1; *see* ECF No. 9-4 at 2192.

**B.     Relevant Trial Evidence**

The California Court of Appeal summarized the relevant trial evidence as follows:

> Interviewed by law enforcement in July 2019, Doe recounted the history of her relationship with Furtado and his abuse of her. Prior to trial, however, Doe recanted what she told law enforcement, stating that she "made up a story against Mr. Furtado[.]" . . . Doe accordingly was not among the prosecution's witnesses but ultimately testified on behalf of Furtado.
>
> Doe and Furtado met on Facebook in 2014. Although Doe thought of Furtado as her boyfriend, Furtado also acted as her pimp. Almost from the beginning of their relationship, Furtado would beat Doe. After one such beating that year sent Doe to the hospital, Furtado was arrested. Despite the beating, Doe continued working for Furtado while he was in custody.

*Furtado*, 2023 WL 2446322, at *1. Doe and Furtado had an intermittent relationship over several years. *Id.* at *1-2. Each time they began dating anew, Furtado resumed battering Doe. *Id.* During an interview, Doe told police that Furtado would choke her with both hands until she was nearly unconscious. *Id.* Doe sometimes believed she would die from the choking. *Id.* Once, when the pair moved to Las Vegas only to return due to their financial situation, Furtado hit Doe, chased her after she ran out of the car, and drove away after bystanders intervened. *Id.*

> Doe left Furtado again and they did not talk for about a year. In 2018 or 2019, Doe got back in touch with Furtado on Instagram.
>
> In February 2019, Doe called her brother and asked him or their father to call Furtado's parole officer to come to Furtado's mother's house in Watsonville to stop Furtado from beating her. Doe hoped the parole officer would see that Furtado was in violation of an order for him to stay away from Doe.
>
> Doe's brother and father attempted to call Furtado's parole agent, then called the Watsonville Police Department, and then Doe's brother called Doe back to see if she was okay. Furtado and Doe were together at the time, eating at his mother's house, and Furtado made Doe answer the call on speakerphone. After hearing Doe's brother ask about her well-being, Furtado became angry, taking Doe's phone,

3

and hitting her. Ripping off his ankle monitor, Furtado then grabbed Doe by her arm and neck and dragged her from the house to her car, which was parked on the street.

Furtado told Doe she had made the house "hot" because the police would be coming there. Furtado went back into the house to get money, so Doe got out of the car and ran away. Furtado followed her in the car and told her he would throw her dog onto the freeway if she did not get back in the car. He also told her he was going to kill himself. Doe got back into the car.

There were police three houses away at that time, but Furtado drove past them and was not stopped. Furtado and Doe drove to Salinas, then San Francisco, then Watsonville (where they met Furtado's mother), and then San Jose, where they got a room and stayed for about a week.

While they were in San Jose, Furtado continued to beat Doe to the point that she had trouble walking and she was constantly menstruating. Doe ended up checking in to the emergency room at Valley Medical Center hospital.

*Furtado*, 2023 WL2446322, at *2 (footnote omitted).

### C.    Habeas Exhibits

Respondent submitted several exhibits on habeas, including the trial and appellate record, the parties' appellate briefs and petitions, the California Court of Appeal's opinion on direct appeal, and the California Supreme Court's order denying Furtado's subsequent petition for review. *See* ECF No. 9.

## III.    DISCUSSION

Furtado alleges that the evidence of Doe's asportation was insufficient to convict him of kidnapping and that trial counsel was ineffective in failing to request a hearing on Furtado's ability to pay the $10,000 restitution fine or call witnesses. The Court considers each claim below.

### A.    Sufficiency of Evidence

Furtado challenges the sufficiency of the evidence for kidnapping in two "claims" in his petition, arguing that the prosecution failed to specify a distance Doe was moved and that any asportation ended when Doe fled the car. *See* ECF No. 1 at 5. The California Court of Appeal denied these arguments on the merits.

#### 1.    Legal Standard

The Due Process Clause "protects the accused against conviction except upon proof

beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged." *In re Winship*, 397 U.S. 358, 364 (1970). In federal habeas proceedings, a state prisoner may raise a constitutional claim by alleging "that the evidence in support of his state conviction cannot be fairly characterized as sufficient to have led a rational trier of fact to find guilt beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 321 (1979). In reviewing a claim based on the sufficiency of the evidence, the relevant inquiry is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* at 319. "[T]his inquiry does not require a court to 'ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt.'" *Id.* at 318-19.

This standard "must be applied with explicit reference to the substantive elements of the criminal offense as defined by state law." *Jackson*, 443 U.S. at 324 n.16; *Juan H. v. Allen*, 408 F.3d 1262, 1275-76 (9th Cir. 2005). Where the record supports conflicting inferences, a federal habeas court must presume the trier of fact resolved any such conflicts in favor of the prosecution and must defer to that resolution. *Jackson*, 443 U.S. at 326. The writ may not be granted unless the district court concludes that, based on the evidence introduced during trial, "no rational trier of fact could have found proof of guilt beyond a reasonable doubt." *Id.* at 324.

### 2. Analysis

Furtado was convicted of kidnapping under California Penal Code section 207(a). To prove this charge, the prosecutor must prove that "(1) a person was unlawfully moved by the use of physical force or fear; (2) the movement was without the person's consent; and (3) the movement of the person was for a substantial distance." *People v. Jones*, 108 Cal. App. 4th 455, 462 (2003). The third element is often referred to as "asportation." *Id.* at 463. In determining whether the distance was substantial enough to prove asportation, the trier of fact must consider the totality of the circumstances. *See People v. Johnson*, 61 Cal. 4th 734, 771 (2015). This includes "not only the actual distance the victim is moved, but also such factors as whether that movement increased the risk of harm above that which existed prior to the asportation, decreased the likelihood of detection, and increased both the danger inherent in a victim's foreseeable

5

United States District Court
Northern District of California

attempts to escape and the attacker's enhanced opportunity to commit additional crimes." *Id.* (citation omitted). While the distance traveled must be more than *de minimis*, there is no minimum distance required for kidnapping. *See People v. Singh*, 42 Cal. App. 5th 175, 187-88 (2019) (citing *People v. Robertson*, 208 Cal. App. 4th 965, 986 (2012)).

Notably, Furtado does not dispute that the prosecution introduced evidence showing he forcefully moved Doe from inside his mother's home into the car, arguing instead that this evidence should not be considered because Doe testified that no kidnapping occurred during his trial. *See* ECF No. 13 at 5. An assertion that there was competing evidence does not demonstrate an insufficiency of evidence. *See Jackson*, 443 U.S. at 319 (federal habeas court must draw all reasonable inferences in favor of prosecution).

To the extent Furtado argues that the prosecution was required to provide a specific numerical distance to show "substantial movement" for purposes of asportation, Furtado's argument fails for two reasons. First, the Court of Appeal concluded that "the jury was entitled to infer that the distance from the front door of a single-family residence to the car was more than merely negligible" based on testimony that neighbors saw Furtado dragging Doe out of the home and failed to intercede. *See Furtado*, 2023 WL 2446322, at *4; *see Ngo v. Giurbino*, 651 F.3d 1112, 1114-15 (9th Cir. 2011) ("Circumstantial evidence and inferences drawn from it may be sufficient to sustain a conviction.") (citation modified). Second, Furtado's argument that the Court of Appeal erred because "no [numerical] distance was ever introduced" at trial (ECF No. 12 at 6) challenges the Court of Appeal's interpretation of *state* law, namely, whether a conviction for kidnapping requires the prosecution to prove a victim was moved a specific numerical distance. This cannot form the basis for federal habeas relief unless such an interpretation violated clearly established *federal* law. *See Jackson v. Santoro*, No. 19-cv-00282-AG, 2019 WL 5978884, *5 (C.D. Cal. Jun. 14, 2019) (finding that federal habeas court is bound by state court's interpretation that 10-foot distance was not insufficient to show asportation); *Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("[A] state court's interpretation of state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus."). As Furtado has not made such a showing, the Court is bound by the Court of Appeal's interpretation of California's

kidnapping law.

Finally, the California Court of Appeal's conclusion that the prosecution sufficiently proved asportation even if the kidnapping ended once Doe exited the vehicle is supported by the record. *Furtado*, 2023 WL 2446322 at \*4-5; *see also Jackson*, 443 U.S. at 319. As discussed in the appellate opinion, the jury reasonably could have determined that the evidence that Furtado beat Doe, dragged her from the home into the car, and caused Doe to fear for her life – along with evidence that he did so to "keep[] her from those her family called on to protect her" – collectively was sufficient to show that Doe's asportation was more than *de minimis* and increased the risk of harm to Doe. *See Furtado*, 2023 WL 2446322, at \*4-5; *see also Singh*, 42 Cal. App. 5th at 188 (movement to or from a vehicle can substantially increase risk of harm to victim); *People v. Leavel*, 203 Cal. App. 4th 823, 834 (2012) (emotional or psychological harm may be considered by jury in determining whether asportation increased risk of harm); *People v. Martinez*, 20 Cal. 4th 225 (1999), *overruled on other grounds by, People v. Fontenot*, 9 Cal. 5th 57, 70 (2019) (jury may consider whether asportation decreased the likelihood of detection in deciding whether movement was substantial). While Furtado argues that the evidence cited by the Court of Appeal can be interpreted in his favor, he has not shown that no rational trier of fact could have found proof of guilt beyond a reasonable doubt. *See Jackson*, 443 U.S. at 324; *see also Boyd v. McEwen*, No. CV-13-5038 CJC, 2014 WL 1419904, \*14 (C.D. Cal. Apr. 14, 2014) (state court reasonably concluded moving approximately five feet to the door of a bar was sufficient to show asportation based on totality of circumstances).

The state court's rejection of this claim was reasonable and is entitled to AEDPA deference. *See* 28 U.S.C. § 2254(d). The claim is therefore DENIED.

### B.   Ineffective Assistance of Trial Counsel

Furtado argues that his trial attorney rendered ineffective assistance by "[f]ail[ing] to object to victim restitution when the victim was supportive and backing the defendant."[2] ECF

---

[2] After Respondent argued in the answer that any claim challenging victim restitution, rather than the restitution fine, was unexhausted, Furtado clarified in his traverse that he intended to challenge the fine. *See* ECF No. 13 at 6.

No. 1 at 5. He also argues that his trial attorney "failed to bring any witnesses including defendants [sic] mother who was present at times of fights and strategically could [have] helped defendant." *Id.* In his traverse, Furtado refers to the potential testimony from his mother as "mitigating," but does not provide any further information about the nature of her potential testimony. ECF No. 13 at 8.

### 1.   Restitution Fine

Furtado's claim of ineffective assistance of trial counsel, as it pertains to counsel's failure to request a hearing on his ability to pay the restitution fine, is not cognizable on federal habeas review. Federal courts have "repeatedly recognized that the imposition of a fine, by itself, is not sufficient to meet § 2254's jurisdictional requirements." *Bailey v. Hill*, 599 F.3d 976, 979 (9th Cir. 2010) (citing *Williamson v. Gregoire,* 151 F.3d 1180, 1183 (9th Cir. 1998)). A petitioner's custodial status does not transform these claims, which do not "call into question the lawfulness of conviction or confinement" or "seek immediate or speedier release," into claims cognizable under 28 U.S.C. § 2254. *Id.* at 980 (citation modified). Indirect challenges to restitution fines – even if the petitioner asserts a constitutional violation for ineffective assistance of counsel – similarly fail to state a cognizable federal habeas claim. *See id.* at 981-82 (agreeing with Seventh Circuit's conclusion that a petitioner's "'attack on counsel's handling of [a] restitution amount simply does not state a cognizable claim for relief under § 2254.'").

As Furtado does not present a cognizable claim under 28 U.S.C. § 2254, this claim is DENIED.

### 2.   Failure to Call Witnesses

Furtado also argues that trial counsel was ineffective by failing to call witnesses at trial, specifically noting the failure to call his mother. Respondent asserts that this claim is unexhausted, an assertion that Furtado does not dispute in his traverse. *See* ECF No. 9-1 at 15; ECF No. 13 at 6-9.

Under AEDPA, a federal court cannot grant habeas corpus relief unless the petitioner "has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). Exhaustion requires that the petitioner's claims were fairly presented to the state courts and

United States District Court
Northern District of California

disposed of on the merits by the highest court in the state. *See Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Ybarra v. McDaniel*, 656 F.3d 984, 991 (9th Cir. 2011). As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in it. *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982). Notwithstanding the exhaustion requirement, a district court may proceed to deny an unexhausted claim on the merits in limited circumstances. *See* 28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."). "[A] federal court may deny an unexhausted petition on the merits only when it is perfectly clear that the applicant does not raise even a colorable federal claim." *Cassett v. Stewart*, 406 F.3d 614, 624 (9th Cir. 2005). Accordingly, notwithstanding the claim's lack of exhaustion, the Court concludes that Furtado is not entitled to relief.

In order to prevail on a claim of ineffectiveness of counsel, a petitioner must establish that (1) counsel's performance was deficient, *i.e.*, that it fell below an "objective standard of reasonableness" under prevailing professional norms, *Strickland v. Washington*, 466 U.S. 668, 687-68 (1984); and (2) he was prejudiced by counsel's deficient performance, *i.e.*, that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "The likelihood of a different result must be substantial, not just conceivable." *Harrington v. Richter*, 562 U.S. 86, 112 (citing *Strickland*, 466 U.S. at 693). Moreover, where a petitioner challenges the failure to interview or call witnesses, mere speculation that a witness might have given helpful information if interviewed or called to testify is not enough to establish ineffective assistance. *See Bragg v. Galaza*, 242 F.3d 1082, 1087 (9th Cir.), *amended*, 253 F.3d 1150 (9th Cir. 2001). To establish prejudice, a petitioner must show that the witness was likely to have been available to testify, that the witness would have given the proffered testimony, and that the witness's testimony created a reasonable probability that the jury would have reached a verdict more favorable to the petitioner. *Alcala v. Woodford*, 334 F.3d 862, 872-73 (9th Cir. 2003), *abrogated on other grounds by, Crawford v. Washington*, 541 U.S. 36 (2004).

United States District Court
Northern District of California

Furtado has not shown ineffective assistance of counsel on this basis. He has not shown that testimony by any of the potential witnesses he references would have created a reasonable probability of a more favorable verdict. In terms of the proffered testimony by his mother, Furtado offers little detail beyond general or conclusory statements. Traverse, ECF No. 13 at 8 (noting that his "mother was present on occasions, and the kidnapping happened at her home, also his mother could testify about their relationship, and some of the incidents being she was present at times"). Furtado does not demonstrate how his mother's presence or her testimony about their relationship would have resulted in a more favorable outcome. *See Scott v. Felker*, No. C-06-1147 JSW, 2008 WL 5411477, *21 (N.D. Cal. Dec. 29, 2008) (denying claim of ineffective assistance of counsel where plaintiff failed to provide anything more than "self serving speculative assertions regarding [witness's] potential value"). As to the "other[]" witnesses, ECF No. 13 at 7, Furtado does not provide their names or identify them through description; nor does he describe their proffered testimony or how their testimony would have resulted in a more favorable verdict. *Id.* at 7-8; *see Kiedel v. Terry*, 105 Fed. App'x 149, 150 (9th Cir. 2004) (petitioner did not show ineffective assistance of counsel for failure to call witness where petitioner did not provide information about witness's proffered testimony); *Morrow v. Ignacio*, 183 Fed. App'x 653, 654-55 (9th Cir. 2006) (petitioner's claims of ineffective assistance faulting counsel for "not fil[ing] certain discovery, call[ing] certain witnesses . . . are disagreements of case presentation and tactical decisions that are within counsel's professional judgment, to which [courts] give great deference.").

Because Furtado does not present a colorable federal claim, this claim is DENIED.

## IV.    CONCLUSION

The state court's adjudication of Furtado's claims did not result in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law; nor did it result in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. The petition for writ of habeas corpus is DENIED.

10

In addition, a certificate of appealability will not issue. Furtado has not shown that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Furtado may seek a certificate of appealability from the United States Court of Appeals for the Ninth Circuit.

The Clerk shall TERMINATE all pending motions as moot,[3] enter judgment in favor of Respondent, and close the file.

**IT IS SO ORDERED.**

Dated: July 9, 2026

Eumi K. Lee
United States District Judge

United States District Court
Northern District of California

---

[3] Furtado recently filed two motions seeking appointment of counsel. ECF Nos. 20, 21. These motions were filed after the petition was fully briefed and are thus moot. Regardless of their timing, the motions do not show a likelihood of success on the merits or any other exceptional circumstances warranting the appointment of counsel. *See Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981) (there is no constitutional right to counsel in a civil case unless the party seeking counsel might lose their physical liberty as a result of litigation); *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984) (decision whether to appoint counsel rests within "the sound discretion of the trial court" and is generally granted in exceptional circumstances). Accordingly, the motions are DENIED.

11